✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

RODNEY LAMAR SELF
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    2:08 cr 28

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence  X  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____   _____
*Date*                                         *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08 cr 28

**UNITED STATES OF AMERICA,**

Vs.                                                                                          **ADDENDUM TO**
                                                                                             **DETENTION ORDER**

**RODNEY LAMAR SELF.**

_____

**I.   FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.                                    FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence. The defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In this district, that is considered to be a crime of violence. U.S. vs Redmon, 3:06cr92 and U.S. vs. Allen, 409 F.Supp. 2d 622 (Maryland, 2006).

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause. The only evidence presented as to this issue was the bill of indictment.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, employment, financial resources, and a long length of residence in the Dalton, GA community. He does not have a length of residence in the Western District of North Carolina. The defendant has no previous convictions for the use of a controlled substance. The defendant's criminal history consist of the following convictions:

| Offense | Conviction Date |
|---|---|
| 7 counts of felony armed robbery, GA | 02/06/85 |
| Felony possession of a firearm, GA | 02/06/85 |
| Felony armed robbery, GA | 01/24/85 |
| Reckless driving, GA | 10/27/04 |
| Reckless driving, NC | 01/15/05 |

The defendant's record concerning appearance at court appearances shows that the defendant did not appear in Cherokee County, NC District Court on charges of felony possession of a firearm by a felon, felony possession of a stolen firearm, misdemeanor drug paraphernalia possession and a separate charge of felony possession of stolen goods for which he was to appear on May 7, 2008.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was charged on July 4, 2007 with felony possession of a firearm by a felon, felony possession of a stolen firearm, misdemeanor possession of drug paraphernalia in Cherokee County, NC District Court. The defendant was released on bond. On December 20, 2007 the defendant was charged in Cherokee County, NC District Court with reckless driving. On January 15, 2008 the defendant entered a plea of guilty and was sentenced to 12 months supervised probation. On January 10, 2008 the defendant was charged in Cherokee County, NC District Court with felony possession of stolen goods. The defendant was released on terms and conditions of release. On April 16, 2008 the defendnt

was charged in Cherokee County, NC Superior Court with felony breaking and entering, felony larceny after breaking and entering, felony possession of stolen goods, four counts of felony larceny of a firearm, and felony conspiracy. The defendant was again released on terms and conditions of pretrial release. As a result of these charges and convictions, the defendant was both on probation and was on release pending trial at the time of his arrest in this matter.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The undersigned has not considered the release of the defendant under provisions of 18 U.S.C. § 3142(f)(1) but has considered the release of the defendant under the terms of 18 U.S.C. § 3142(f)(2)(A).

The undersigned finds by a preponderance of the evidence that the release of the defendant would create a serious risk of flight on his part. The defendant has nine felony convictions with all of those offenses involving acts of violence and particularly involved the use of firearms. The defendant has other felony charges pending against him in North Carolina state court in Cherokee County, NC and the defendant has failed to appear on those charges, although those failures to appear may have been as a result of the defendant's attorney failure to advise the defendant of the date of hearing. This court is concerned that the defendant appears to be leaving his home in Dalton, GA and coming to Cherokee County, NC and allegedly committing crimes and then returning to Dalton, GA. These acts show by a preponderance of the evidence that the release of the defendant would create a serious risk that the defendant would not appear.

The defendant has presented evidence and testimony through his father, Cecil Self and through his friend, Janice Bass which indicate that Mr. Self would be a fit and suitable person to have custody of the defendant, however, in balancing the evidence in this case, the undersigned must find that the release of the defendant would create a serious risk of flight and has determined to enter an order detaining the defendant pending further orders of the court.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: September 11, 2008

Dennis L. Howell
United States Magistrate Judge