**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CRIMINAL NO.  2:08CR28**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RODNEY LAMAR SELF** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to

withdraw his guilty plea filed March 20, 2009.  For the reasons that follow,

Defendant's motion is denied.


## I. BACKGROUND

On August 5, 2008, Defendant was charged in a one-count

indictment with being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1).  Subsequent to his arraignment, Defendant entered

into a plea agreement with the Government in which he agreed to enter a

voluntary plea of guilty to the charged contained in the indictment and

admit that he was "in fact guilty as charged in that Count."  **Plea**

**Agreement, filed October 1, 2008, ¶ 1**.  Two days later, Defendant

appeared with counsel before the Magistrate Judge for a Rule 11 hearing

and entered his guilty plea.  ***See* Acceptance and Entry of Guilty Plea,**

**filed October 3, 3008**.  On January 5, 2009, the presentence investigation

report was disclosed to the parties; Defendant filed objections thereto, and

a final report was filed on February 19, 2009, addressing the objections.

That same day, Defendant received notice that his sentencing hearing had

been scheduled for March 25, 2009, in Bryson City, North Carolina.  On

March 3, 2009, Attorney Andrew Banzhoff entered an appearance as

Defendant's retained counsel; Defendant's court appointed counsel was

then allowed to withdraw.  ***See* Order, filed March 13, 2009.**  Defendant's

motion to withdraw his guilty plea was filed only five days before the

scheduled sentencing hearing.  On March 24, 2009, the undersigned held

a hearing on the motion and arguments were presented by the

Government and Defendant through counsel.


## II.  DISCUSSION

A defendant may withdraw his guilty plea "after the court accepts the

plea, but before it imposes sentence if . . . the defendant can show a fair

and just reason for requesting the withdrawal." **Fed. R. Crim. P. 11(d)(2)(B).**

Defendant raises a number of arguments why the motion to withdraw his guilty plea should be allowed. During the hearing on the motion, the Court heard testimony from Defendant along with arguments of counsel. The Court has also examined the plea agreement, listened to the FTR recording of the Rule 11 hearing, and considered the issues raised in Defendant's motion, and concludes that Defendant has not satisfied his burden of showing a fair and just reason for withdrawing his guilty plea.[1]

At the outset, the Court notes the importance and presumption regarding the finality of a guilty plea. ***See United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) ("If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." (quotations omitted)).**

---

[1] During the hearing, the Court admitted the following Government exhibits into evidence without objection: Exhibit 1, the bill of indictment; Exhibit 2, the presentence report; Exhibit 3, the Rule 11 Inquiry and Order of Acceptance of Plea; Exhibit 4, Plea Agreement; and Exhibit 5, Advisement and Waiver of Rights form signed by Defendant on May 29, 2008. Only Exhibit 5, the waiver of rights form, is not relevant to the Court's resolution of Defendant's motion.

In examining a motion to withdraw a guilty plea, the Court must consider six factors: (1) whether the defendant has provided credible evidence that he did not enter into a knowing and voluntary guilty plea; (2) whether the defendant has presented credible assertions of legal innocence to the crime charged; (3) whether there was a delay between the entry of the guilty plea and the motion to withdraw the plea; (4) whether the defendant had close assistance of competent counsel; (5) whether the withdrawal of the guilty plea will prejudice the Government; and (6) whether the withdrawal of the guilty plea will inconvenience the Court and waste scarce judicial resources. **United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).**

The first, second and fourth factors set forth in *Moore* weigh against granting Defendant's motion. The Defendant testified that, although he signed the plea agreement, he did not actually read the document before doing so; that he understood the maximum and minimum penalties outlined by the Magistrate Judge during the Rule 11 hearing, but that he relied on his then court appointed counsel's assurances that he would face only a maximum of 10 years imprisonment. However, Defendant's testimony is

flatly contradicted by his signed plea agreement and the answers he gave

under oath during the Rule 11 hearing.

The plea agreement discloses both the minimum and maximum

statutory penalties, including the mandatory minimum sentence of 15 years

and a maximum of life imprisonment if Defendant has three previous

convictions for a violent felony or serious drug offense.  **Plea Agreement,**

**¶ 2.**  The plea agreement also provides the following admonition:

> The defendant is further aware that the Court has not yet
> determined the sentence, that any estimate from any source,
> *including defense counsel*, of the likely sentence is a prediction
> rather than a promise, and that the Court has the final
> discretion to impose any sentence up to the statutory maximum
> for each count.

*Id*. **¶ 5 (emphasis added).**  During the Rule 11 hearing, Defendant was

placed under oath and acknowledged he understood he was required to

give truthful answers to the Magistrate Judge's questions or face possible

prosecution for perjury.  **Rule 11 Inquiry and Order of Acceptance of**

**Plea, filed October 3, 2008, at 1**.  Defendant testified  during the Rule 11

hearing and at the motion hearing that he graduated from high school and

had completed almost two years of college courses and some vocational

training.  *Id*. **at 2.**  The Magistrate Judge read the indictment to Defendant,

explained the essential elements of the offense, and advised Defendant of

the maximum and minimum statutory penalties if convicted of the crime charged in the indictment. *Id*. **at 3-4.** Importantly, the Magistrate Judge specifically advised the Defendant that he was subject to a minimum of 15 years and not more than life imprisonment if he had three previous convictions for a violent felony or a serious drug offense. *Id*. **at 4.** Defendant was advised of his right to enter a not guilty plea and a right to a jury trial; that the Government would be required to prove each essential element of the offense beyond a reasonable doubt and Defendant could confront the witnesses against him; and that by entering his guilty plea he was forfeiting these rights. *Id*. **at 6.** After these rights were explained, Defendant admitted that he was in fact guilty of the offense charged in the indictment. *Id*. **at 7.** Defendant also acknowledged that his guilty plea was voluntary and not the result of "coercion, threats or promises other than those contained in the written plea agreement." *Id*. He also advised the Magistrate Judge that he and his attorney had been afforded ample time to discuss the terms of the plea agreement, any possible defenses to the charges, and that he had told his attorney everything that he wanted him to

know about his case.[2]  *Id.* **at 8.**  Defendant also stated that he was "entirely satisfied" with the services of his court appointed counsel.  *Id.*

The Court does not afford any weight to Defendant's testimony that he did not read the plea agreement, a document he signed in the presence of counsel.  The Court concludes that Defendant's sworn statements to the Magistrate Judge during the Rule 11 inquiry and the content of the signed plea agreement directly contradict Defendant's contentions asserted in his motion and testimony before the undersigned.  A thorough review of the record shows that Defendant understood the nature of his rights, the charge against him, the maximum possible penalties, and expressed satisfaction with the services of his court appointed counsel.  The Court concludes that Defendant has not offered credible evidence that his plea was not knowingly and voluntarily made and entered; that he has shown no credible evidence that he is actually innocent of the crime charged; [3] and

---

[2] In addition, during his testimony at the motion hearing, Defendant testified he met with his court appointed attorney on at least three separate occasions to discuss his case.

[3] Defendant offers little to support this factor.  For example, Defendant's counsel claims he stands ready to file numerous motions challenging the constitutionality of the initial traffic stop and Defendant's previous statements to law enforcement, among other possible motions. This hardly weighs in Defendant's favor when he acknowledged, under

offered no credible evidence that he did not have close assistance of counsel in reaching his decision to plead guilty.

The remaining *Moore* factors also weigh against granting the motion. First, some five months have passed since Defendant entered his guilty plea and the filing of his motion.  This factor weighs against Defendant due to the fact that his signed plea agreement and sworn statements during the Rule 11 inquiry clearly indicate his understanding that the Court could impose the maximum penalty of life imprisonment.  To claim now that he relied on counsel's alleged assurances of a 10 year maximum term is not supported by the record.  Second, although the Government did not argue the issue of prejudice, the motion was strenuously opposed by the Government and the five month period between Defendant's plea and motion could certainly prejudice the Government's case.  Lastly, the Court finds that allowing Defendant's motion would inconvenience the Court and waste judicial resources.

---

oath, that he understood he had a right to plead not guilty and proceed to trial before a jury.

Therefore, for the foregoing reasons and based on the evidence presented during the hearing, the Court concludes that Defendant has not presented a fair and just reason to withdraw his plea of guilty.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to withdraw his plea of guilty is **DENIED.**

Signed: March 27, 2009

Lacy H. Thornburg
United States District Judge