# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11cv30
# (CRIMINAL CASE NO. 2:08cr28)

| | |
|---|---|
| RODNEY SELF, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Doc. 1]. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## PROCEDURAL HISTORY

On August 5, 2008, Petitioner was charged in a one-count Bill of Indictment with possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 2:08cr28, Doc. 1]. On October 1, 2008, a Plea Agreement was filed with the Court in which Petitioner agreed to plead guilty to Count One of the Bill of Indictment. [Id., Doc. 12]. The Plea Agreement recited the maximum penalty for that offense as ten years of imprisonment but

noted that if it were determined that Petitioner had three previous convictions for a violent felony or serious drug offense, then pursuant to 18 U.S.C. § 924(e)(1), the maximum sentence would be life imprisonment and the minimum sentence would be fifteen years of imprisonment. [Id. at 1]. The Plea Agreement further reflects the parties' agreement to make a joint recommendation of a base offense level of 24 and a three-level reduction in the base offense level based on Petitioner's acceptance of responsibility. [Id. at 2]. Pursuant to the Plea Agreement, Petitioner agreed to waive his right to challenge his sentence or conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at ¶18].

On October 3, 2008, the Petitioner appeared before Magistrate Judge Howell and pled guilty to Count One of the Bill of Indictment. Judge Howell engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id., Doc. 33: Transcript of Plea and Rule 11 hearing]. Judge Howell reviewed the maximum and minimum penalties for the offense with Petitioner, specifically advising him that his minimum sentence would increase to fifteen years of imprisonment if he was found to have three previous convictions for a violent felony or serious drug offense. [Id. at 9]. The Court accepted Petitioner's

guilty plea, finding that the plea was made knowingly and voluntarily and that Petitioner understood the charges, potential penalties and consequences of the plea. [Id. at 33; Doc. 13: Rule 11 Inquiry and Order of Acceptance of Plea form].

In anticipation of sentencing, the Probation Office submitted a Presentence Report ("PSR") to the Court. In the PSR, the Probation Officer calculated a base offense level of 24, to which was added a two-level increase because the Defendant's offense involved at least three firearms, a two-level increase because the firearms were stolen, and a four-level increase because Petitioner possessed the firearms in connection with another felony offense, thereby raising the adjusted total offense level to 32. [Criminal Case 2:08cr28, Doc. 17: PSR]. The Probation Officer also determined that Petitioner was an armed career criminal pursuant to 18 U.S.C. § 924(e) and thus Petitioner's offense level should be increased to 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A). The Probation Office then applied a three-level downward adjustment for Petitioner's acceptance of responsibility, yielding a total offense level of 31. [Id. at ¶¶ 23-25]. Petitioner's counsel objected to the two-level enhancement based on three or more firearms being involved in the offense and to Petitioner being classified as an armed career criminal. [Id. at 16-17].

On March 3, 2009, Attorney Andrew Banzhoff entered an appearance as Petitioner's retained counsel and Petitioner's court appointed counsel was allowed to withdraw. [Crim. Case 2:08cr28, Doc. 21]. On March 20, 2009, five days before the scheduled sentencing hearing, Petitioner's newly retained counsel filed a motion to withdraw Petitioner's guilty plea, arguing that Petitioner's former attorney had told Petitioner that he would receive a lesser sentence and had failed to discuss the option of filing pretrial suppression motions. [Id., Doc. 22]. The Court held a hearing on Petitioner's motion on March 24, 2008. During the hearing, the Court heard testimony from the Petitioner along with arguments of counsel. The Court also examined the Plea Agreement, listened to the FTR recording of the Rule 11 hearing, and considered the issues raised in Petitioner's motion. Following the hearing, the Court issued a written Order denying Petitioner's motion to withdraw his guilty plea. [Id., Doc. 27]. In its written Order, the Court reviewed the six factors relevant in examining a motion to withdraw a guilty plea under <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991), and concluded that the Petitioner had not satisfied his burden of showing a fair and just reason for withdrawing his guilty plea. [Id.].

On March 25, 2009, Petitioner appeared with counsel for a sentencing hearing. Petitioner's counsel argued that Petitioner should not be subject to a two-level enhancement for possession of three firearms because the Government had alleged the possession of only two firearms in the Indictment. [Crim. Case 2:08cr28: Doc. 35: Sentencing Transcript at 6]. Counsel also argued that Petitioner should not be found to be an armed career criminal because he had only two prior convictions for violent crimes. Counsel argued that while Petitioner had pled guilty to seven counts of armed robbery, those counts had been consolidated into one count for sentencing. [Id. at 35-36]. The Court overruled Petitioner's objections and sentenced Petitioner to 180 months of imprisonment. [Id. at 15].

Petitioner appealed to the Fourth Circuit Court of Appeals, arguing that this Court should have granted his motion to withdraw his guilty plea and that this Court committed reversible error during his sentencing. [Criminal Case 2:08cr28, Doc. 28]. On August 18, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Self, 393 F. App'x 47 (4th Cir. 2010) (per curiam). In so doing, the Fourth Circuit concluded that Petitioner's plea was knowing and voluntary, and that the appellate waiver

provision of Petitioner's Plea Agreement was valid and enforceable. Id. at 50-51.

On August 17, 2011, Petitioner filed the instant Motion, arguing that his counsel was ineffective for failing to raise several defenses; that his plea was not knowingly and intelligently made; that this Court abused its discretion in denying his motion to withdraw his guilty plea; that his sentence was improperly enhanced under the ACCA; that the Government breached the Plea Agreement and failed to provide Brady material; and that he should not have received the two-level and four-level sentencing enhancements described above.

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

## DISCUSSION

**A.     Procedural Bar**

Petitioner contends that his counsel was ineffective for failing to discuss with him the possible application of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to his sentence; that this Court abused its discretion in denying his motion to withdraw his guilty plea; and that his plea was not knowingly and intelligently made. [Doc. 1, Claims V, VIII and X].  Petitioner raised the substance of these claims in his direct appeal to the Fourth Circuit Court of Appeals.

With respect to the application of the Armed Career Criminal Act and the voluntariness of Petitioner's plea, the Fourth Circuit noted that Petitioner's Plea Agreement specifically advised him of the possibility that he would be subject to the ACCA, and that he should not rely on statements from his counsel regarding a possible sentence.  The Court further noted that Petitioner had signed the Plea Agreement and that during the Plea and Rule 11 colloquy, Petitioner had stated that he had read and understood all of its terms.  Based on these facts, the Fourth Circuit concluded that Petitioner could not establish that his plea was unknowing or involuntary.[1]  Self, 393 F.

---

[1]Although the Fourth Circuit did not consider Petitioner's claim regarding the application of the ACCA specifically in the context of an ineffective assistance of

App'x at 50. With respect to Petitioner's claim that the district court abused its discretion in denying his motion to withdraw his guilty plea, the Fourth Circuit specifically concluded that this Court did not abuse its discretion in denying Petitioner's motion. Id. at 51.

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable,

---

counsel claim, Petitioner's ineffective assistance claim is nevertheless foreclosed by the Fourth Circuit's rejection of his ACCA claim on direct appeal. Even if Petitioner could maintain an ineffective assistance claim on these grounds, such claim would have to be denied on its merits as Petitioner cannot establish prejudice under Strickland v. Washington, 466 U.S. 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Plea Agreement expressly contemplated the possible application of the ACCA, and Petitioner signed the Plea Agreement and advised the Court that he understood all of its terms. Additionally, the Magistrate Judge fully explained the possible application of the ACCA to Petitioner at the Rule 11 hearing. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) ("any misinformation [defendant] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [defendant] was not prejudiced"); United States v. Lamby, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) ("if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely in the subsequent dialogue between the court and the defendant."). Additionally, Petitioner stated that he fully understood that the Court would not be able to determine his sentence until after the preparation of the PSR and that he could receive a sentence that was either higher or lower than that called for by the Guidelines. Petitioner also stated that he understood that even if the sentence was more severe than he expected, or if the Court did not accept the Government's recommendation, he was still bound by the plea and could not withdraw his plea. [Criminal Case 2:08cr28, Doc. 33 at 9-11]. For these reasons, the Court concludes that Petitioner's ineffective assistance claim fails on its merits.

intervening change in the law. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Because Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate these claims in this proceeding, the Court concludes that Claims V, VIII and X of Petitioner's § 2255 Petition are procedurally barred.

**B.  Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 197 (1986) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Under

9

these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

"A presumption exists that counsel is competent, and the petitioner bears a heavy burden in overcoming the presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). The presumption of competency is not overcome by conclusory allegations. Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where defendant has pled, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct 366, 88 L.Ed.2d

10

203 (1985). When Petitioner challenges ineffective assistance with regard to a sentencing, he must at a minimum allege facts which demonstrate a "reasonable probability" that his sentence would have been more lenient absent counsel's errors. See Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999).

Petitioner raises several claims regarding counsel's ineffectiveness for failing to raise issues regarding his arrest and other defenses. Specifically, Petitioner argues that he received ineffective assistance because his counsel: (1) failed to raise a claim that his Fourth Amendment rights were violated during his initial stop and arrest; (2) failed to file a motion to suppress based on a Miranda violation; (3) and failed to advise Petitioner of the "Public Authority" defense. [Doc. 1, Claims I, II, III].

Petitioner's claims are foreclosed by Tollett v. Henderson, in which the Supreme Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). As such, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

guilty plea." Id. Accordingly, a defendant who has entered a plea of guilty may only attack the voluntary and intelligent character of the guilty plea. Id.

In the present case, the Fourth Circuit concluded that Petitioner's was knowing and voluntary. Self, 393 F. App'x at 50. Therefore, Petitioner's claim that his counsel was ineffective for failing to raise various defenses is foreclosed in light of his guilty plea.

**C.     Prosecutorial Misconduct**

Petitioner next contends that the Government failed to turn over exculpatory statements in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the Government breached the Plea Agreement by increasing his base offense level by more than what the Plea Agreement stated. [Doc. 1, Claims IV and VII].

In support of his Brady claim, Petitioner contends that during an interview with a federal agent, Petitioner advised that his nephew had been present with him when a co-defendant retrieved the shotgun from a tree. [Doc. 1 at 8]. Petitioner asserts that the agent then called Petitioner's nephew, in Petitioner's presence, and the nephew confirmed Petitioner's statement. [Id.]. Petitioner argues that a Brady violation occurred because

the Government did not provide a record or summary of this conversation. [Id.].

Petitioner's Brady claim is without merit. In order to establish a Brady violation, a petitioner must demonstrate that: (1) the evidence was suppressed by the prosecution; (2) such evidence was favorable to the defendant, whether directly exculpatory or of impeachment value, and (3) it was material. Spicer v. Roxbury Corr. Inst., 194 F.3d 547, 555 (4th Cir. 1999). The Brady rule does not apply, however, "if the evidence in question is available to the defendant from other sources, either directly or via investigation by a reasonable defendant." United States v. Brother Constr. Co. of Ohio, 219 F.3d 300, 316 (4th Cir. 2000) (internal citations omitted). Here, by his own admission, Petitioner was in the room when the agent called his nephew and his nephew confirmed Petitioner's statements. Thus, this evidence was equally available to Petitioner, and the Government did not violate Brady by failing to provide a summary or record of this conversation to him.[2]

Petitioner also contends that the Government breached the Plea Agreement by enhancing Petitioner's offense level to 34 when the parties had

---

[2] Petitioner's Brady claim is further undercut by the fact that at the hearing on Petitioner's motion to withdraw his guilty plea, the Government represented to the Court that it had, in fact, provided Petitioner with a summary of the nephew's statement. [Crim. Case 2:08cr28, Doc. No. 34: Transcript of Motion to Withdraw Guilty Plea at 51].

agreed that Petitioner's base offense level would be 24. [Doc. 1 at 16]. While Petitioner is correct that the Plea Agreement contemplated a base offense level of 24 and a three-level reduction in offense level for acceptance of responsibility, the Plea Agreement also recited the minimum and maximum sentences for Petitioner's count of conviction and specifically stated that if Petitioner had three previous convictions for a violent felony or serious drug offense, then pursuant to the ACCA, the maximum sentence would be life imprisonment and the minimum sentence would be fifteen years of imprisonment. The Probation Officer concluded that Petitioner was an armed career criminal within the meaning of U.S.S.G. § 4B1.4 and therefore applied an offense level of 34 as required by U.S.S.G. § 4B1.4(b)(3)(A). The Court overruled Petitioner's objection to the ACCA enhancement and sentenced Petitioner to 180 months of imprisonment. [Crim. Case 2:08cr28, Doc. 35: Sentencing Transcript at 15].

The record reveals that the Plea Agreement specifically contemplated that Petitioner could be found to be an armed career criminal. Therefore, the Government did not breach the Plea Agreement.

Moreover, the Government did nothing with regard to the offense levels that was contrary to the Plea Agreement. The joint recommendation was for

14

a Base Offense Level of 24, which was the Base Offense Level found in the PSR and by the Court. The probation officer who prepared the PSR, and not the prosecution, recommended the application of the *enhancements to* that Base Offense Level about which Petitioner complains. The Government dutifully warned Petitioner of this possibility in the Plea Agreement. There is nothing in the Government's actions that was in breach of the Agreement. Therefore the Petitioner's claim is denied.

**D.     Waiver and Procedural Default**

Next, Petitioner contends that the he should not have received the two-level and four-level enhancements included in the PSR. [Doc. 1 at 14, Claim VI]. He further argues that the Court erred in calculating the number of his prior convictions for the purposes of the ACCA. [Doc. 1 at 27, Claim IX].

Pursuant to his Plea Agreement, Petitioner waived the right to challenge his sentence or conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Crim. Case No. 2:08cr28, Doc. 12 at ¶18]. The Fourth Circuit held that this waiver provision was valid and enforceable. Self, 393 F. App'x at 51. Petitioner's claims that this Court wrongfully enhanced his sentence and that the Court incorrectly found him to be an armed career criminal do not fall within the scope of the exceptions to

15

the post-conviction waiver provision. Therefore, the waiver provision stands as an absolute bar to Petitioner's attempts to challenge his sentence on these grounds. See United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005).[3]

**CONCLUSION**

Upon considering the pleadings and documents submitted by the Petitioner, as well as the entire record of this matter, the Court determines that Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable,

---

[3] Even if Petitioner's claims had not been waived pursuant to his Plea Agreement, his claims would still be barred because he did not raise them on direct appeal. As a general rule, claims that could have been but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted).

and that petition states a debatable claim of the denial of a constitutional right). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## ORDER

**IT IS, THEREFORE ORDERED** that the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1] is hereby **DENIED** and this action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 14, 2011

Martin Reidinger
United States District Judge